IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| VICTOR CHARLES FOURSTAR, JR., | Cause No. CV 26-18-M-DLC |
| Petitioner, |  |
| vs. | ORDER |
| STATE OF MONTANA, AUSTIN KNUDSEN, et al., |  |
| Respondents. |  |

This matter comes before the Court on an amended petition for habeas corpus relief, pursuant to 28 U.S.C. §2241, filed by state pro se pretrial detainee Victor Charles Fourstar, Jr. ("Fourstar"). *See*, (Doc. 5.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. As explained below, because Fourstar's petition is unexhausted, it will be dismissed without prejudice. The remainder of his claims are not properly filed in

1

this action.

## I.    Motion to Proceed in Forma Pauperis

Fourstar seeks leave of the Court to proceed in forma pauperis.  (Doc. 2.) His inmate account statement indicates he may not be able to afford all costs associated with this action.  *See*, (Doc. 4.)  The motion will be granted.

## II.    Federal Habeas Relief

28 U.S.C. §2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'"  *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004).  Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition.  *White*, 370 F. 3d at 1006.

### i.    Background

Fourstar is currently incarcerated at the Missoula County Detention Center and is being held on a $500,000 bond for a charge of Sexual Intercourse without consent.[1]

---

[1] *See*, Missoula County Jail Roster: https://webapps.missoulacounty.us/jailroster/ (accessed April

Fourstar's claims are somewhat difficult to follow.  He initially states that he is awaiting "imminent" state, federal or tribal removal proceedings to either the United States District Court or to the Fort Peck Tribal Court for the initiation of charges based upon his purported failure to register as a sexual offender.  He also states he faces banishment from the Fort Peck Indian Reservation.  *See*, (Doc. 5 at 1, 3.)  Despite Fourstar's speculation, this Court has no indication that such proceedings are legally viable or are being contemplated.

Fourstar states that in 2024, the Fort Peck Agency denied his administrative tort claim.  He then filed an action under the Federal Tort Claims Act, *Fourstar v. United Staes of America*, Cause No. CV 25-41-GF-JTJ.  In that matter Fourstar is represented by counsel and the case is ongoing.

Fourstar also recently filed two petitions for writs of habeas corpus challenging state court proceedings.  The first, *Fourstar v. Peterson*, was dismissed as unexhausted. *See, Fourstar v. Peterson*, CV-25-141-M-DWM, Ord. (D. Mont. Oct. 24, 2025).  It was determined that Fourstar failed to present adequate "special circumstances" which would warrant this Court's intervention in his ongoing state court proceedings.  Accordingly, abstention under the *Younger* doctrine was appropriate.  (*Id*.); *see also, Younger v. Harris*, 401 U.S. 37 (1971).  Fourstar's

---

22, 2026).

3

motion to reopen the matter was subsequently denied.

Fourstar filed his second petition shortly thereafter. *See, Fourstar v. State of Montana*, CV 25-150-M-BMM. That matter was dismissed based upon Fourstar's failure to prosecute. *See, Fourstar v. State of Montana*, CV 25-150-M-BMM, Ord. (D. Mont. Oct. 28, 2025). Fourstar's motion to reopen that matter was also denied.

Fourstar acknowledges that he filed a prior motion to vacate under 28 U.S.C. §2255 in this Court. *See*, (Doc. 5 at 5.) Fourstar explains that he challenged his juvenile conviction handed down by the Fort Peck Tribal Court in 1987, a 1991 Fort Peck Tribal domestic abuse conviction, a 1992 state conviction for sexual intercourse without consent, his 2003 federal sentence for felony sexual abuse, as well as 2022-2023 Fort Peck Tribal Court PFMA and sex crimes. Fourstar asserts he was denied counsel and his right to appeal while simultaneously suffering from mental instability. (*Id.*) For these reasons he states that § 2255 action was inadequate to test legality of detention.

Finally, Fourstar states he has an active petition for postconviction relief pending in Missoula's Fourth Judicial District Court. (Doc. 5 at 6.)

### ii.    Present Claims

In his amended filing, Fourstar raises the following claims:

1) Respondents are subjecting him to prejudicial standards of evidence and conditions of confinement, while building a case against him in violation of his constitutional rights. *See*, (Doc. 5 at 7). Fourstar believes they are doing

so by using jail house informants, monitoring his correspondence, chilling his right to confer with counsel, and hindering his efforts to pursue a legal claim. (*Id*.)

2) Respondents have misclassified Fourstar as a mandatory detainee and denied him a bond hearing in violation of his right to association and due process. (*Id*.) Respondents have improperly sealed documents under the state sexual or violent offender act in order to oppose his release on bond without compelling reasons. (*Id*.)

3) He is entitled to a compassionate release from Wetterling Act, civil commitment, and Tribal Court banishment. In support of this, Fourstar references his prior federal criminal case. Fourstar asserts he is being repeatedly reincarcerated, surveilled, monitored and harassed under conditions of the Wetterling Act/SORNA[2] and while reincarcerated he is not being treated for Hepatitis C, colon cancer, H-pylori, COVID-19, flu, substance abuse disorder, and mental health conditions. Fourstar requests a release from SORNA. (*Id*. at 7).

4) The written judgments in prior cases did not conform with the oral pronouncement of sentence. Fourstar contends his attorneys were ineffective for not seeking to withdraw his coerced no contest and/or guilty pleas. Fourstar alleges he suffers from an illegally obtained Fort Peck Tribal Court judgment, state, and federal court judgments, which has resulted in the courts lacking probable cause and jurisdiction for his present custody. He has been completely deprived of due process, equal protection, his right to associate, and to access the courts. (*Id*. at 8). The State of Montana fails to provide forensic evidence and has been denying him the right to present a complete defense in his criminal proceedings. (*Id*).

---

[2] In 2006, Congress enacted the Sex Offender Registration and Notification Act (SORNA), a statute which requires those convicted of federal sex offenses to register in the States where they live. Even before SORNA was enacted, the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act required certain federal sex offenders to register. *See e.g., U.S. v. Kebodeaux*, 570 U.S. 387, 389-90 (2013).

### iii.    Analysis

To the extent that Fourstar seeks to challenge his prior federal, tribal, or state convictions, including those dating back to when he was a juvenile, he may not do so in the present proceedings.  Setting aside applicable limitations periods, Fourstar has been released from federal custody and is not presently under any conditions of federal supervision.  Thus, the purported federal matters from which he seeks relief, do not present an actual injury redressable by a decision from this Court.  That is, Fourstar's claims no longer present a case or controversy as required by the Constitution and, thus, are moot.  *See*, U.S. Const. Art. III, §2; *Spencer v. Kemna*, 523 U.S. 1 (1999).

Moreover, Fourstar is required to register as a sex offender, because he was convicted of aggravated sexual abuse in 2003.  *See, USA v. Fourstar*, CR-02-52-GF-DLC, Judg. (Doc. 110).  Fourstar may not challenge the validity of the judgment of conviction under §2241.  Additionally, he has no recourse under §2255, as this Court lacks jurisdiction to consider an unauthorized successive motion.  This has been previously explained to Fourstar.  *See e.g.*, *USA v. Fourstar*, CR-02-52-GF-DLC, Ord. (Doc. 453).

Similarly, to the extent that Fourstar seeks to challenge the validity of a 1992 state conviction out of Valley County, this Court previously considered the same claim and dismissed the matter for lack of jurisdiction.  *See, Fourstar v. State*,

Cause No. CV-21-26-GF-SPW, Ord. (D. Mont. May 27, 2021). Fourstar is not presently incarcerated on the Valley County judgment. Not only is Fourstar's present challenge an unauthorized second/successive challenge, but this Court still lacks the requisite jurisdiction.

Moreover, to whatever extent Fourstar means to allege the conditions of his current confinement violate federal law, he must file a civil action in the jurisdiction where he is incarcerated. *Nettles v. Grounds*, 830 F. 3d 992, 927 (9th Cir. 2016)(en banc); *Walden v. Fiore*, 571 U.S. 277, 283-86 (2014). He may not file a hybrid habeas/civil rights petition. This, too, has previously been explained to Fourstar.

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id*.; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity, however, require that this court abstain and not entertain a pretrial habeas challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980);

*see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971)(under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

On the face of his petition, Fourstar acknowledges that he has not yet had a trial, nor has he been sentenced.  Confusingly, he states he has a postconviction petition pending in the state district court.  *See*, (Doc. 5 at 6.)  It does not appear, however, that Fourstar has attempted to present his present claims and/or challenge his detention via an original habeas proceeding in the state district court or the Montana Supreme Court.  Thus, to the extent that Fourstar presents claims that are cognizable in federal habeas, these claims are unexhausted.

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84.  Fourstar's disagreement with the course of his state proceedings and his conclusory allegations in support thereof, are not the type of unusual circumstances that might justify an exception to *Younger* abstention. Fourstar may attempt to obtain the relief he seeks via his pending state court

8

proceedings, on direct appeal therefrom, or by filing an original habeas action in the state courts.

Fourstar has not exhausted his state court remedies, and his situation does not involve an adequately "unusual" circumstance.  His § 2241 petition will be dismissed without prejudice, allowing Fourstar to return to this Court if and when he fully exhausts his claims.

## III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Fourstar attempts to advance are either inappropriately filed in this action or are unexhausted and do not meet the "unusual circumstances" exception to abstention.  Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Fourstar's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The

Clerk of Court is directed to waive payment of the filing fee.

2. Fourstar's Petition (Doc. 5) is DISMISSED without prejudice.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 22nd day of April, 2026.

/s/ Dana L. Christensen
Dana L. Christensen
United States District Judge